PREET BHARARA
United States Attorney for the
Southern District of New York
By: JASON P. HERNANDEZ
    BRIAN R. BLAIS
Assistant United States Attorneys
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-1024/2521



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

UNITED STATES OF AMERICA,

                  - v. -

APPROXIMATELY $750,000.00
IN UNITED STATES CURRENCY,

                              :
                  Defendant-*in-rem*.
                              :
-----------------------------------X

VERIFIED COMPLAINT

10 Civ.

          Plaintiff United States of America, by its attorney,

Preet Bharara, United States Attorney for the Southern District

of New York, for its verified complaint alleges, upon information

and belief, as follows:

## I. INTRODUCTION

          1.   This action is brought by the United States of

America pursuant to 21 U.S.C. § 881(a)(6) seeking the forfeiture

of approximately $750,000.00 in United States currency

("DEFENDANT CURRENCY"), on the grounds that the DEFENDANT

CURRENCY constitutes moneys furnished or intended to be furnished

in exchange for a controlled substance, proceeds traceable to

such an exchange, and/or moneys used or intended to be used to

facilitate such an exchange.

## II. JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3.    Venue is proper under 28 U.S.C. §§ 1355(b) and 1395(b) because actions and omissions giving rise to the forfeiture of the DEFENDANT CURRENCY took place in the Southern District of New York.

4.    The DEFENDANT CURRENCY is currently in the custody of the United States Marshals Service.

## III. PROBABLE CAUSE FOR FORFEITURE

5.    On or about May 12, 2010, agents from the Drug Enforcement Administration("DEA") and police officers from the New York City Police Department ("NYPD") were conducting surveillance for narcotics trafficking activity in the vicinity of the Best Western Hotel (the "Best Western") located at 1440 Sheridan Expressway in the Bronx, New York.  The area in the vicinity of the Best Western is a known location for narcotics trafficking activity, as three major expressways are located nearby, which facilitates the movement of narcotics and any flight from law enforcement authorities.  At about 7:25 p.m. on or about May 12, 2010, DEA agents and NYPD officers observed an individual, later identified as Alberto Vazquez Alvarez, exit the Best Western and get into a Nissan Altima with Pennsylvania

plates (the "Nissan").

    6.    Alvarez then "squared the box" with the Nissan by
making a series of left turns that brought him back to his
starting point at the Best Western.  Alvarez drove the vehicle in
that manner to ascertain whether he was being followed by another
vehicle, and it is a driving technique often used by narcotics
traffickers who fear being followed by the police, rival
narcotics dealers, or others.  While making at least one of these
left turns, Alvarez failed to use his turn signal.  The law
enforcement officers observing Alvarez subsequently attempted to
make a traffic stop by turning on their vehicle's siren and
lights.  Alvarez, however, while talking on a mobile phone, sped
away in the Nissan for about half a mile to a mile, before he
eventually stopped the Nissan.

    7.    After Alvarez pulled the Nissan to the side of the
road, he was approached by a law enforcement officer.  Alvarez
appeared nervous and he presented two forms of identification:  a
driver's license that listed a home address in Brainersville,
Pennsylvania, and another form of identification that listed a
home address in Allentown, Pennsylvania.  When a law enforcement
officer asked Alvarez why he was in the area, Alvarez said that
he was going to the Best Western to meet a friend, even though
Alvarez had just left from the Best Western.  In addition, when
asked where he was driving from, Alvarez did not say he had just

left the Best Western.   Alvarez appeared nervous while he was
answering the law enforcement officers' questions.

       8.   A law enforcement officer asked Alvarez if he
would consent to a search of the Nissan, and Alvarez verbally
consented.   In the trunk of the Nissan, the law enforcement
officers recovered two large duffel bags.   The DEFENDANT CURRENCY
was inside the duffel bags, bundled in stacks of $20,000.00 in
United States currency.   Narcotics traffickers generate
substantial amounts of cash from their narcotics sales, and
narcotics traffickers often transport cash proceeds from the sale
of narcotics in vehicles, such as the Nissan.   When asked about
the source of the funds recovered from the trunk of the Nissan,
Alvarez stated that he had recently won the lottery.   Alvarez
also stated that he had been unemployed for the previous six
months and that his last job was with Federal Express.

       9.   The law enforcement officers subsequently
accompanied Alvarez to the Best Western and learned from the
hotel clerk that Alvarez had been staying at the Best Western.
Alvarez's room at the Best Western was registered under a name
that was different from the name listed on the two identification
documents that Alvarez had shown to the law enforcement officers.
Additionally, Alvarez had used a third form of identification to
register at the Best Western.

      10.   Narcotics traffickers often use hotel rooms as a

place to store narcotics and narcotics proceeds, and narcotics
traffickers often use counterfeit identification documents or
give false names when registering at hotels, such as the Best
Western, so that their true identities are not known to the hotel
or law enforcement.  In addition, narcotics traffickers often use
vehicles with out of state license plates, such as the Nissan, to
buy and/or sell narcotics, because they must cross state lines to
buy and/or sell narcotics.

IV. <u>CLAIM FOR FORFEITURE</u>

11.   The allegations contained in paragraphs one
through ten of this Complaint are incorporated herein.

12.   Pursuant to 21 U.S.C. § 881(a)(6), all moneys
furnished or intended to be furnished in exchange for a
controlled substance, all proceeds traceable to such an exchange,
and all moneys used or intended to be used to facilitate such an
exchange, in violation of Subchapter I of Title 21 of the United
States Code, are subject to seizure and forfeiture to the United
States, and no property right exists in such property.

13.   The DEFENDANT CURRENCY is subject to forfeiture
pursuant to 21 U.S.C. § 881(a)(6) because it constitutes moneys
intended to be furnished in exchange for a controlled substance,
and/or proceeds traceable to such an exchange, and/or moneys used
or intended to be used to facilitate such an exchange, in
violation of Subchapter I of Title 21 of the United States Code.

14. By reason of the above, the DEFENDANT CURRENCY became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the DEFENDANT CURRENCY and that all persons having an interest in the DEFENDANT CURRENCY be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the DEFENDANT CURRENCY to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       August 12, 2010

                    PREET BHARARA
                    United States Attorney for the
                    Southern District of New York
                    Attorney for the Plaintiff
                    United States of America

        By:  _____
                    JASON P. HERNANDEZ
                    BRIAN R. BLAIS
                    Assistant United States Attorneys
                    One St. Andrew's Plaza
                    New York, New York 10007
                    Telephone: (212) 637-1024/2521

<u>VERIFICATION</u>

STATE OF NEW YORK                )
COUNTY OF NEW YORK               :
SOUTHERN DISTRICT OF NEW YORK )

      Diette M. Ridgeway, being duly sworn, deposes and says that she is a Special Agent with the Drug Enforcement Agency, that she has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of her knowledge, information, and belief.

      The sources of deponent's information and the grounds of his belief are her personal observations, official records and files of the Drug Enforcement Agency, and discussions with and documents prepared by other law enforcement officers.

_____
Special Agent Diette M. Ridgeway
Drug Enforcement Agency

Sworn to before me this
_11th_ day of August, 2010

_____
NOTARY PUBLIC

CANDI N. GREEN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GR6179157
Qualified in New York County
My Commission Expires December 24, 2011